**No. 24-5220**

**IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

STATE OF TENNESSEE,

*Plaintiff-Appellant*,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity, OFFICE OF POPULATION AFFAIRS, and JESSICA S. MARCELLA, in her official capacity,

*Defendants-Appellees*.

On Appeal from the Judgment of the United States District Court for the
Eastern District of Tennessee (No.3:23-cv-384-TRD-jem)

# TENNESSEE'S CONSENT MOTION TO SET EXPEDITED BRIEFING AND ARGUMENT SCHEDULE

Under Sixth Circuit Rule 27(f), Appellant the State of Tennessee—which faces imminent loss in significant federal funding—respectfully requests that this Court establish the following consented-to expedited briefing schedule and hear the above-captioned appeal during the oral argument sitting currently scheduled for mid-June 2024. Proceeding with

the following schedule would enable this Court to resolve the case before Tennessee's upcoming funding loss takes effect:

- Plaintiff-Appellant's Principal Brief and Any Appendix — **April 12, 2024**
- Defendants-Appellees' Principal Brief and Any Appendix — **May 13, 2024**
- Plaintiff-Appellant's Reply Brief — **May 23, 2024**
- Oral Argument — **June 10, 11, 12, or 13, 2024**
- Requested Decision Date — **July 15, 2024**

Defendants-Appellees (HHS) consent to this proposed schedule. Tennessee submits that there is "good cause to expedite" for the following reasons. 6th Cir. R. 27(f).

1. For fifty years, Tennessee has received grants under Title X of the Public Health Service Act. Amosun Decl., PageID#131; 42 U.S.C. § 300a *et seq*. Through this program, HHS provides funds to States and other entities to operate "voluntary family planning projects" offering a "broad range of acceptable and effective family planning methods and services." 42 U.S.C. § 300a(a).

2. In March 2022, HHS approved Tennessee for a 5-year Title X grant to run through early 2027. Amosun Decl., PageID#134. Under the grant, Tennessee would receive approximately $7 million in Title X funds

annually. *Id.* at PageID#132. Tennessee, working through its Department of Health, in turn uses these federal funds to mobilize roughly 50 state employees who each year serve some 40,000 individuals statewide, many of whom would otherwise lack access to the health services provided. Amosun Supp. Decl., PageID#334.

3. Section 1008 of Title X directs that no program funds "shall be used in programs where abortion is a method of family planning." 42 U.S.C. § 300a-6. HHS has argued, and courts have agreed, that this provision is silent and thus ambiguous with respect to whether the agency can condition Title X funds on grantees' engaging in abortion-counseling-and-referral activities. *Ohio v. Becerra*, 87 F.4th 759, 775 (6th Cir. 2023). As a result, HHS has taken conflicting positions on whether the agency may forbid, permit, or require Title X grantees to offer abortion counseling and referrals. *Id.* at 765.

4. Most recently, in 2021, HHS adopted a rule that mandates both abortion counseling and referrals by Title X grantees. *See Ensuring Access to Equitable, Affordable, Client-Centered, Quality Family Planning Services*, 86 Fed. Reg. 56,144 (Oct. 7, 2021).

5. The next summer, in June 2022, the U.S. Supreme Court

issued *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), holding that the U.S. Constitution does not require States to permit abortions. *Dobbs* in turn triggered Tennessee's criminal abortion prohibition, which generally makes it illegal to provide abortions in the State. *See* Tenn. Code Ann. § 39-15-213.

6. In light of *Dobbs*, Tennessee issued a July 1, 2022 policy clarifying when Title X providers could engage in abortion counseling and referrals. Amosun Decl., PageID#132, 135. Under that post-*Dobbs* policy, the State's Title X programs would only provide counseling and referrals for pregnancy terminations permissible under state law, not for those elective abortions now illegal to provide within the State. *Id.*

7. In early March 2023, HHS informed Tennessee that its policy of counseling and referring only for abortions that are "legal in the State of Tennessee" rendered Tennessee out of compliance with its regulatory obligations under Title X. HHS Mar. 20 Ltr., PageID#193-95. Ultimately, a few weeks later, HHS rescinded Tennessee's 2022-2027 Title X grant for failure to satisfy HHS's abortion-counseling-and-referral obligation. Amosun Supp. Decl., PageID#334; HHS Mar. 31 Not. of Award, PageID#196.

8. As a result, Tennessee did not obtain its $7 million annual allotment of Title X funding for 2023. *Id.* HHS instead allotted Tennessee's funds to alternative Title X providers, including Planned Parenthood. Compl., PageID#19 (collecting sources).

9. Tennessee filed an administrative appeal, upon which no meaningful action was taken by HHS. *Id.* at PageID#18-19. Tennessee then filed suit in the U.S. District Court for the Eastern District of Tennessee alleging that HHS's grant-rescindment decision violated the U.S. Constitution, Title X, and the Administrative Procedure Act. Compl., *Tennessee v. Becerra*, No. 3:23-cv-384 (E.D. Tenn.) (Oct. 24, 2023).

10. Because Tennessee faced another $7 million in lost Title X funds in April 2024, Tennessee filed a motion for a preliminary injunction and stay under 5 U.S.C. § 705. Tenn.'s Mot. for Prelim. Inj., PageID#292. Tennessee requested a decision by March 25, 2024. *Id.* at PageID#294. In response, on the issue of Tennessee's eventual right to recover lost funding, HHS argued that any Title X funding disbursed to alternative grantees "is no longer available and cannot be remedied by an order of this Court." HHS Opp'n to Mot. for Prelim. Inj., PageID#389.

11. On March 11, 2024, the district court denied Tennessee's

preliminary injunction motion. Order Deny'g Prelim. Inj., PageID#857. Tennessee noticed its appeal the same day, Not. of Appeal, PageID#858, as well as informed counsel for HHS that it intended to seek immediate appellate relief. Tennessee also moved the district court for an injunction pending appeal. Mot. for Inj. Pend'g Appeal, PageID#860. Tennessee has since withdrawn that motion in light of the below, while reserving the right to renew the motion if warranted by case events. Not. of Withdrawal of Mot., PageID#863.

12. On March 13, 2024, counsel for both sides met and conferred regarding this matter. That conversation resulted in an agreement that would obviate the need for Tennessee's requesting immediate relief from this Court and associated emergency-motions practice. Specifically, counsel for HHS has advised that HHS can voluntarily reserve, on a temporary basis, Title X funding in an amount (approximately $7.1 million) sufficient to preserve Tennessee's ability to later access its 2024 Title X allocation should Tennessee prevail in this appeal. The expedited schedule proposed is designed to allow the Court sufficient time to consider the matter while also allowing HHS sufficient time to obligate funds before the end of the fiscal year.

13. The schedule proposed above is also designed to allow the Court to hear and decide this case without need for emergency-motions practice. Tennessee is, of course, prepared to proceed with this appeal consistent with whatever schedule this Court deems appropriate given the requested decision date of mid-July 2024. This Court has previously granted consent motions for expedited briefing and oral argument in similar cases involving the legality of agency action and allegations of impending irreparable harm. *See*, *e.g.*, Order, *U.S. Chamber of Com. v. SEC*, No. 23-5409 (6th Cir. May 16, 2023). Circuit rules further specify that cases, like this, involving "appeals from orders denying … preliminary … injunctions" will "generally be expedited." 6th Cir. R. 31(c)(2)(a), 34(c)(2).

14. Counsel for HHS has authorized the undersigned to state that HHS consents to this proposed schedule and to the request for disposition of this appeal by mid-July 2024.

Dated: March 15, 2024 Respectfully submitted,

*/s/ Whitney Hermandorfer*
Whitney D. Hermandorfer
Trenton Meriwether
Philip Hammersley
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov

*Counsel for the State of Tennessee*

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this motion complies with the type-volume requirements and contains 1,143 words. *See* Fed. R. App. P. 27(d)(2)(A).

I further certify that this motion complies with the typeface requirements of Federal Rule 32(a)(5) and the type-style requirements of Federal Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*s/ Whitney Hermandorfer*
WHITNEY HERMANDORFER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 15th day of March 2024 on the following:

R. Charlie Merritt
Michael P. Clendenen
Civil Division, Federal Programs Branch
U.S. Department of Justice
Tel: (202) 616-8098
robert.c.merritt@usdoj.gov
michael.p.clendenen@usdoj.gov

*Counsel for Defendants-Appellees*

*/s/ Whitney Hermandorfer*

WHITNEY HERMANDORFER
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Whitney.Hermandorfer@ag.tn.gov

*Counsel for Plaintiff-Appellant the State of Tennessee*