

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530

Tel: 202-353-8189

VIA CM/ECF

July 3, 2024

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth St.
Cincinnati, OH 45202

RE: *Tennessee v. Becerra*, No. 24-5220 (oral argument scheduled for July 18, 2024)

Dear Ms. Stephens:

      We write in response to Tennessee's letter relying on *Loper Bright Enterps. v. Raimondo*, 603 U.S. --- (2024). *Loper Bright* does not aid Tennessee's appeal.

      The Title X statute explicitly "authorize[s]" the Secretary "to make grants" for the "establishment and operation of voluntary family planning projects," 42 U.S.C. § 300(a), and provides that such grants "shall be made in accordance with such regulations as the Secretary may promulgate" and "subject to such conditions as the Secretary may determine to be appropriate," *id.* § 300-4(a), (b).

      In *Rust v. Sullivan*, 500 U.S. 173 (1991), the Supreme Court addressed Section 1008 of the statute, which prohibits Title X funds from being "used in programs where abortion is a method of family planning," and concluded that that prohibition "does not speak" to "counseling" or "referral." *See id.* at 184. Thus, this Court in *Ohio v. Becerra*, 87 F.4th 759 (6th Cir. 2023), recognized that HHS acted within its statutory authority in restoring longstanding nondirective options counseling and referral requirements. *See id.* at 771-72.

      *Rust* and *Ohio* remain precedential. Indeed, the Supreme Court in *Loper Bright* explicitly stated that its holding does "not call into question prior cases that relied on the *Chevron* framework." Slip op. 34.

In all events, the rule reflects the most natural reading of Section 1008, which HHS has long understood to prohibit Title X funds from being used to "promote or encourage" abortion, but not as prohibiting Title X projects from offering pregnant patients neutral, factual information about abortion and, if a patient requests, where an abortion can be obtained. 65 Fed. Reg. 41270, 41272 (July 3, 2000); *see* Br. 2-3. As HHS has explained, providing such neutral and factual information is "critical for the delivery of quality, client-centered care." 86 Fed. Reg. 56,144, 56,158 (Oct. 7, 2021).

Further briefing on *Loper Bright* is unnecessary, and this Court should affirm the district court's denial of a preliminary injunction for the reasons explained in the government's brief.

        Sincerely,

        Michael S. Raab
        /s/ *Courtney L. Dixon*
        Courtney L. Dixon
        Attorneys

cc:    all counsel (via CM/ECF)