**STATE OF TENNESSEE**

**Office of the Attorney General**



**Jonathan Skrmetti**
**Attorney General and Reporter**

P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-3491
Facsimile: (615) 741-2009

July 16, 2024

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

Re:   *Tennessee v. Becerra*, Case No. 24-5220 (oral argument scheduled for July 18, 2024)

Dear Ms. Stephens,

Contrary to HHS's letter relying on *Oklahoma v. Becerra*, — F.4th —, 2024 WL 3405590 (10th Cir. July 15, 2024), this Court should not follow that decision's analysis.

*First*, *Oklahoma*'s Spending Clause discussion (Slip Op. 11-20) is deeply flawed. The court concluded that HHS's general rulemaking authority under § 1006 means any future HHS-imposed condition satisfies the Spending Clause. The court relied on *Bennett v. Kentucky Department of Education*, 470 U.S. 656 (1985), but the "requisite clarity" in that case came from Title I—the statute itself, *id.* at 666. *Bennett* was "reluctant to conclude" that States must satisfy "whatever interpretation … might later be adopted" by an agency. *Id.* at 670; Tenn. Reply 5.

*Oklahoma* contradicts this Court's decision in *Kentucky v. Yellen*, 54 F.4th 325 (6th Cir. 2022), which held that "Congress *itself*" must establish spending-program conditions through provisions with "inherent or definite content," *id.* at 347, 354. It thus was not enough that the statute in *Yellen* put the States "on notice that the offer came with '*a* condition'" subject to agency clarification. *Id.* at 353; *accord Texas v. Yellen*, 2024 WL 3159081, *11 (5th Cir. June 25, 2024). There is no way to discern what core obligations Title X entails if HHS has after-the-fact free rein to set them. Tenn. Br. 23-26.

*Oklahoma* cannot distinguish *West Virginia ex rel. Morrisey v. U.S. Department of Treasury*, 59 F.4th 1124 (11th Cir. 2023). HHS's counseling-and-referral rule, like the Treasury rule, "create[s] a framework to apply" an "ambiguous statute"—§ 1008. *Compare* Slip Op. 16, *with* 2021 Rule, R.28-2, PageID#442. Tenn Br. 9-10. And HHS's counseling-and-referral rule, like the Treasury rule, marks

a major invasion into state policy.  Tenn. Br. 56-57.  Dismissing HHS's abortion condition as not "fundamental" to the grant program just undermines HHS's reliance on that condition to defund Tennessee's entire Title X program.

*Second*, *Oklahoma*'s APA analysis (Slip Op. 29-35) is flawed, including because it relied on reasoning HHS did not give.  Moreover, HHS's funding other providers cannot mitigate the impact of defunding the only agency HHS said could capably administer Title X statewide.  Tenn Br. 57-58.

Respectfully submitted,

*/s/ Whitney D. Hermandorfer*
Whitney D. Hermandorfer

cc: Counsel of Record (via ECF)