IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

STATE OF TENNESSEE,

    Plaintiff-Appellee,

    v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al.,

    Defendants-Appellants.

No. 24-5220

**RESPONSE TO TENNESSEE'S SUPPLEMENTAL MEMORANDUM**

Pursuant to this Court's April 9, 2025 order, the government respectfully submits this response to Tennessee's supplemental memorandum of law in support of its en banc petition. For the reasons set forth below, Tennessee's en banc petition should be denied.

**1.** This case arises from a 2023 decision by the Department of Health and Human Services (HHS) declining to issue a Title X continuation grant award to the Tennessee Department of Health. Title X grants are designed "to assist in the establishment and operation of voluntary family planning projects which shall offer a broad range of acceptable and effective family planning methods and services." 42 U.S.C. § 300(a). In 2021, HHS promulgated a regulation requiring Title X grant recipients to "[o]ffer pregnant clients the opportunity to be provided information" and "nondirective counseling" regarding, *inter alia*, "[p]regnancy termination,"

followed by "referral upon request." 86 Fed. Reg. 56,144, 56,150, 56,178-79 (Oct. 7, 2021). After Tennessee informed HHS in February 2023 that it would no longer offer Title X patients the opportunity to receive information and nondirective counseling about abortion, HHS declined to issue a continuation award. *See* 2023 Notice of Award, R. 1-12, PageID#198.

Tennessee sued HHS, raising claims under the Administrative Procedure Act and the Spending Clause. The district court denied a preliminary injunction, and this appeal proceeded on an expedited briefing schedule designed "to preserve Tennessee's ability" to "access its 2024 Title X allocation" if Tennessee prevailed before the panel. *See* Mot. to Expedite 6 (Mar. 15, 2024). Specifically, HHS agreed to voluntarily reserve a specified amount of Title X funding to allow this Court to decide this appeal by August 30, 2024. *See* HHS Letter (May 23, 2024). Following the panel's decision, and after the date passed that HHS voluntarily agreed to reserve funds for Tennessee, HHS allocated the 2024 funds to another entity.

**2.** As the government's opposition to Tennessee's en banc petition explained, because HHS has already reallocated the funds that are the subject of Tennessee's preliminary-injunction appeal, there is no basis to grant en banc review in this posture to review the panel's "tentative" merits analysis. *See* Op. 15-16; *see also* Gov't En Banc Opp'n 9. Tennessee's supplemental memorandum repeats points that Tennessee made in its en banc petition, none of which undermine the reasons to deny en banc review.

Subsequent developments confirm that this case lacks prospective significance. Due to the recent change in administration on January 20, 2025, there is new HHS leadership. On March 31, 2025, HHS issued the attached "Notice of Award" to the Tennessee Department of Health. The notice provides that Tennessee's Title X award "is being restored," with the "amount awarded represent[ing] partial funding for the Budget Period 4/1/2025 through 3/31/202[6]." Notice 3.[1] The notice further states that "[f]inal funding will be determined after consideration of such factors as your progress and management practices and the availability of funds." *Id.* HHS has issued a similar notice of award to the Oklahoma Department of Health, which separately challenged HHS's decision to terminate its Title X award and is the only other Title X grantee to have lost funding based on noncompliance with the 2021 rule's nondirective counseling and referral requirements. *See Oklahoma v. HHS*, 107 F.4th 1209 (10th Cir. 2024) (affirming denial of preliminary injunction), *cert. petition filed Oklahoma v. HHS*, No. 24-437 (S. Ct.).

These developments confirm that Tennessee's petition should be denied, where this case lacks prospective significance for the parties and more broadly.

---

[1] Although the notice states that the award is being restored "pursuant to a settlement agreement with the recipient," Notice 3, that statement is incorrect. There has been no agreement with Tennessee to settle this litigation.

## CONCLUSION

For the foregoing reasons, this Court should deny Tennessee's petition for en banc review.

                                                Respectfully submitted,

                                                MICHAEL S. RAAB
                                                  s/ Courtney L. Dixon
                                               COURTNEY L. DIXON
                                               BRIAN S. SPRINGER
                                                (202) 353-8189
                                               Attorneys
                                               Civil Division, Appellate Staff
                                               U.S. Department of Justice
                                               950 Pennsylvania Ave., N.W., Rm. 7243
                                               Washington, D.C. 20530

April 2025

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

s/ Courtney L. Dixon<br>
COURTNEY L. DIXON